**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| |
|---|
| VU URBAN RENEWAL A, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JEREMY LEWIS, <br><br> Defendant. |

Civil Action No. 22-06773 (SDW) (MAH)

**OPINION**

December 15, 2022

**THIS MATTER** having come before this Court upon Defendant Jeremy Lewis' ("Defendant") Notice of Removal of a Complaint adjudicated in Union County Superior Court of New Jersey, (D.E. 1), Motion to Strike Pleadings, (D.E. 4), and Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 5), and Plaintiff VU Urban Renewal A LLC's ("Plaintiff") Motion to Remand and request for attorney fees and costs associated with the Motion, (D.E. 6); and

**WHEREAS** 28 U.S.C. § 1915(a)(1), (e)(2) provides that if a party submits an affidavit demonstrating an inability to pay, applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action; and

**WHEREAS** Defendant's application to proceed without prepayment of fees and costs, (D.E. 5), does not include any of the required, pertinent information concerning Defendant's income or debts; and

**WHEREAS** a *pro se* litigant's submission to a court, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Defendant's Motion to Strike Pleadings, (D.E. 4), in which Defendant presents issues of an indecipherable nature and labels unknown persons "enemies, belligerent . . . combatants," and which does not contain any cognizable facts, is not undergirded by any coherent legal basis or bases, and is largely unintelligible; and

WHEREAS 28 U.S.C. § 1446 requires that a litigant filing a notice of removal to do so within 30 days of being served with a complaint. Defendant was served with the Complaint and Summons on July 11, 2022. (*See* D.E. 6-2 at 4.) Defendant filed the instant Notice of Removal, (D.E. 1), on November 28, 2022, a date that far exceeds the 30-day filing timeframe; and

**WHEREAS** Defendant fails to set forth any basis for this Court's jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and no basis is readily discernable; and

**WHEREAS** the *Rooker-Feldman* Doctrine provides that district courts do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Vuyanich v. Smithton Borough*, F.4th 379, 384 (3d Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Defendant's matter was already adjudicated in the New Jersey State Court, and a Judgment for

Possession was entered after a trial on the merits occurred on September 29, 2022.  (D.E. 6-2 at 3.)  Accordingly, this Court does not have jurisdiction to review the State Court's judgment, and removal is barred by the *Rooker-Feldman* Doctrine; therefore

Defendant's application to proceed *in forma pauperis* is **DENIED**.  Defendant's Motion to Strike Pleadings is **DENIED**.  Defendant's request for removal is *sua sponte* **DISMISSED WITH PREJUDICE** due to its untimely submission pursuant to 28 U.S.C. § 1446, failure to establish jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and inability to establish jurisdiction due to the *Rooker-Feldman* Doctrine.  Plaintiff's Motion to Remand is **DENIED** as moot, and Plaintiff's request for attorney fees and costs associated with the Motion is **DENIED**.  An appropriate order follows.

                                                  \_\_/s/ Susan D. Wigenton\_\_\_\_
                                                  **United States District Judge**

Orig:  Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties